**MARINE LUMBER COMPANY, Inc.,**
**Libellant,**

v.

**THE S.S. ALMA, her engines, tackle, etc., in rem, and Compania Nav. Campos, S.A., in personam, Respondents.**

**No. 8112.**

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 18, 1961.

Jett, Sykes & Coupland, Waverley L. Berkley, III, Norfolk, Va., for libellant.

Seawell, McCoy, Winston & Dalton, Robert M. Hughes, III, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, Chief Judge.

This controversy involves the sum of $200.00 occasioned by libellant's delivery of 5000 board feet of rough dunnage lumber to the S.S. Alma on January 24, 1958, at the port of Houston, Texas. During the period in question The Alma was operating under a time charter to Ocean Trading Corporation of Monrovia. The owners were to retain control of the navigation, maintenance and crew of the vessel, but the charterers were to exercise all other control of the vessel. The charter party specifically provided that the charterers would not suffer, nor permit to be continued, any lien encountered by them or their agents. As to the delivery of the lumber, libellant's principal officer received a call from a clerk at Texas Marine Transport Company requesting same. The lumber was delivered and signed for by the first mate of The Alma.

The master of the vessel did not order the lumber and had no contact with Texas Marine Transport Company. The respondents contend that Texas Marine was an agent for the charterer; that the charterer ordered the lumber to separate the various types of cargo, and that, due to the terms of the charter party, the charterer could not cause a lien to be created against the vessel, as against the interest of the owner. Libellant urges that it was dealing with persons authorized to act in behalf of the owner and that, under 46 U.S.C.A. §§ 971, 972, and 973, it is entitled to a lien. Libellant

insists that, under § 973, it was not required to investigate the party actually ordering the lumber, if the supplier was, in fact, dealing with the owner. There is of course, ample support for this view, but the issue in this case is whether the supplier was dealing with the owner.

There is abundant testimony to the effect that Texas Marine was an agent of the charterer, that the owner did not have an agent in Houston, that the lumber was to be used to separate the cargo and that neither the master nor any member of the crew ordered the lumber. There is no evidence that the owner, or any agent of the owner, ordered the dunnage. On this record, the libellant's case must rise or fall on three facts, i. e., (1) the lumber was delivered to the Alma, (2) the master saw the lumber being placed aboard the vessel, and (3) the first mate signed the receipt for same. The libellant forwarded its invoice to Texas Marine. Presumably, any effort to collect from Texas Marine has been unsuccessful.

In Gilmore & Black, The Law of Admiralty, p. 566, § 9–46, it is said:

> "By the Carver and Signal Oil cases the materialman is always charged with notice of a charter's existence. This proposition seems to be most clearly true where the services are furnished on the order of one who is in fact a charterer or purchaser (even though the materialman may assume him to be the owner). Where the services are furnished on the master's order, the cases, on the whole, assume, at least where the master was appointed by the owner, that the materialman may be entitled to rely on that officer's presumed authority."

Libellant cannot rely upon the "theoretical escape" doctrine as it made no inquiry at all. There is no presumption favorable to the supplier until he makes inquiry. United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361; Benedict on Admiralty, Vol. 1, p. 277. The test is not who receipted for the material, but who ordered same.

Libellant's authorities are inapposite. They merely hold that if the supplies are ordered by the master or by an owner's agent, the lien attaches. In short, the evidence does not justify a factual finding which would make these authorities applicable.

Proctors for the respondents will prepare and present an appropriate decree dismissing the libel with costs, the Court adopting this memorandum in lieu of specific findings of fact and conclusions of law, pursuant to General Admiralty Rule 46½, 28 U.S.C.A.